**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER EVANS | : | |
| | : | |
| Appellant | : | No. 161 MDA 2018 |

Appeal from the Judgment of Sentence September 7, 2016
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000494-2016

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: NOVEMBER 8, 2018**

Christopher Evans appeals from the judgment of sentence of 21 to 42 months of imprisonment, imposed on September 7, 2016, following a guilty plea to one count of Delivery of a Controlled Substance.[1]   In addition, appointed counsel, Kurt T. Lynott, Esq., seeks to withdraw his representation of Evans pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We affirm and grant counsel's petition to withdraw.

We derive the following statement of facts and procedural background of this case from the trial court opinion.  ***See*** Trial Ct. Op., 03/21/2018.  In February 2016, the Olyphant Police Department received information from a confidential informant (C.I.) that Evans was selling Subutex, a narcotic used

---

\*   Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

to treat opioid addiction. Following an investigation that included a controlled transaction in which Evans sold the narcotic to the C.I., police arrested Evans.

In May 2016, Evans pleaded guilty to the delivery charge. Prior to entering his plea, Evans executed a written plea colloquy, indicating that he was aware of the charge, the maximum penalty he was facing, and his satisfaction with counsel. In addition, the court conducted an oral colloquy to determine whether Evans was aware of the rights he was relinquishing, whether he was satisfied with counsel, and whether he admitted to facts supporting the crime. Thereafter, the court accepted his plea.

In September 2016, following a presentence investigation, the court imposed sentence as indicated, which fell within the mitigated range of the sentencing guidelines. Evans did not file a post sentence motion or a direct appeal.

In August 2017, Evans timely and *pro se* filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. In his petition, Evans claimed ineffective assistance of plea counsel on three grounds:

> (1) Counsel unlawfully induced his plea, promising Evans that he would receive a county sentence;
>
> (2) Counsel failed to request a competency hearing or investigate Evans' mental health; and
>
> (3) Counsel failed to file a post-sentence motion or direct appeal to challenge:
>
> > (a) the validity of his plea, and
> >
> > (b) legal and discretionary aspects of his sentence.

*See* Evans' PCRA Petition, 08/10/2017, at 3-4. The court appointed Attorney Lynott as PCRA counsel. In November 2017, Attorney Lynott filed a petition to withdraw and a no-merit letter.[2] However, following an independent review, the court determined that Evans' petition warranted relief "wherein the petitioner was denied an opportunity to file a direct appeal." PCRA Ct. Order, 01/09/2018. Accordingly, the court denied counsel's petition to withdraw and reinstated Evans' right to appeal *nunc pro tunc*. **Id.** The court did not grant Evans' leave to file a post-sentence motion *nunc pro tunc*. **Id.**

Evans timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement, preserving only two issues asserting ineffective assistance of plea counsel. The court issued a responsive opinion.

In this Court, Attorney Lynott filed a petition to withdraw and an **Anders** brief. Following our review, we concluded that counsel's brief was deficient. We therefore denied the petition and remanded with instructions for counsel to file a compliant **Anders** brief or an advocate's brief. Counsel has complied with our instructions, filing a new **Anders** brief as well as a petition to withdraw. Counsel has raised the following issues:

> [1. Whether plea] counsel was ineffective for allowing [Evans] to enter an unlawful plea of guilty for a county sentence when no county sentence was imposed.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2. Whether plea] counsel was ineffective for failing to request a competency hearing or determining his mental capacity prior to allowing [Evans] to plead guilty.

Evans' Br. at 4.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa.Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Lynott's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history; he refers to the portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's appeal is frivolous.[3] He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Attorney Lynott has supplied Evans with a copy of his *Anders* brief and a letter explaining the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Evans raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

In both of the claims raised in this direct appeal, Evans asserts plea counsel's ineffectiveness. "[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until *collateral review*."

---

[3] Counsel concludes that "[t]he case presents no non-frivolous issues for review." Evans' Brief at 9.

*Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) (emphasis added). Our Supreme Court has recognized two limited exceptions. In the context of a direct appeal, courts may entertain ineffectiveness claims where: (1) the claim is apparent from the record and meritorious, to the extent immediate consideration best serves the interests of justice; or (2) where good cause is shown and the defendant knowingly and expressly waives entitlement to seek subsequent PCRA review. *Commonwealth v. Holmes*, 79 A.3d 562, 563-64 (Pa. 2013). However, neither *Holmes* exception applies to Evans' claims, as their merit is not readily apparent from the record, and Evans has not demonstrated good cause and expressly waived subsequent collateral review. *Id.* Thus, pursuant to *Grant*, we dismiss Evans' ineffectiveness claims without prejudice to his right to pursue them in a timely petition for collateral relief. *Grant*, 813 A.2d at 738.

We have independently reviewed the record and find no issues of arguable merit that Evans could pursue on appeal. Evans completed an extensive written guilty plea colloquy, and the lower court conducted an oral colloquy prior to accepting Evans' plea as knowing, intelligent, and voluntary. *See Commonwealth v. Hart*, 174 A.3d 660, 667 (Pa.Super. 2017) ("[T]o be valid, a plea must be voluntary, knowing, and intelligent.") (citing *Commonwealth v. Persinger*, 615 A.2d 1305, 1307 (Pa. 1992)). There is no evidence of record undermining the validity of Evans' plea. *See* Notes of Testimony (N.T. Plea), 10/19/2017 (indicating Evans' waiver of certain enumerated constitutional rights, admission to facts underlying charge,

awareness of maximum potential sentence, his satisfaction with counsel, and assertion that no promises made in exchange for plea); Written Plea Colloquy, 05/23/2016 (same); *see, e.g.*, *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa.Super. 2018) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.") (quoting *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003)).

We note further that Evans did not properly preserve any challenge to discretionary aspects of his sentence, as he failed to preserve such a claim during sentencing or in a post-sentence motion. *See Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa.Super. 2015); *see also* PCRA Ct. Order, 01/09/2018 (failing to grant Evans leave to file post-sentence motion *nunc pro tunc*). Finally, following Evans' plea and completion of a presentence investigation report, the court imposed a sentence falling within the mitigated range of the sentencing guidelines. Based on our review of the record, we discern no issue of arguable merit regarding the legality of this sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2018

- 7 -